CALLOWAY, APPELLANT, *v.* HOOD ET AL., APPELLEES.

(No. 3933—Decided January 18, 1943.)

*Mr. C. D. Sutfield,* for appellant.
*Messrs. Yager, Bebout & Stecher,* for appellees.

CARPENTER, J.   A general demurrer to the petition was sustained and, plaintiff not wishing to plead again, it was dismissed.   From that order, this appeal on questions of law was taken.

The petition alleges that plaintiff, who worked for The Spicer Manufacturing Company, sustained injury from which blindness resulted and employed the defendants, who were attorneys at law, to represent him in a claim for compensation under the Workmen's Compensation Act.

The brief of the plaintiff, appellant herein, states as true, what the petition infers, that his claim was not filed with the Industrial Commission by defendants until it was barred by the statute of limitations and was accordingly dismissed by the commission. Thereafter, the employer voluntarily paid plaintiff $6,000 by check.   It is alleged that defendants "induced" plaintiff to endorse that check and they cashed it and gave him $4,250, retaining $1,750 as their fees.

It is alleged that under the Workmen's Compensation Act, $500 is the maximum fee attorneys can charge for such services and, in this action, plaintiff seeks to recover $1,250, the difference between the $1,750 and the $500.

Without deciding as to what services the $500 maximum attorney fee provision of Section 1465-90, General Code, applies, attention is called to the fact that the money under consideration here did not arise from anything done by or before the Industrial Commission, but arose from proceedings strictly outside of the operation of the Workmen's Compensation Act, hence that law has no application here.

It is alleged that defendants "induced" plaintiff to endorse the $6,000 check, but no facts are alleged that indicate fraud in such inducement. The plaintiff's claim is based squarely on the fee provision of the Workmen's Compensation Act, and, that not applying, the lower court was right in sustaining the demurrer, and its judgment is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.